**ERIE BASIN TERMINAL WAREHOUSE CO., Inc., Plaintiff,**

v.

**MARINE TERMINAL & WAREHOUSEMEN'S LOCAL 976–4, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL–CIO and International Longshoremen's Association, AFL–CIO, Defendants.**

**No. 67 Civ. 4637.**

United States District Court
S. D. New York.
March 5, 1968.

Miller & Summit, New York City, for plaintiff; Stuart A. Summit, New York City, of counsel.

Gleason & Miller, New York City, for defendants; Julius Miller, New York City, of counsel.

### MEMORANDUM

COOPER, District Judge.

Plaintiff instituted this action pursuant to § 301 of the Taft-Hartley Act, 29 U.S.C. § 185, seeking damages for defendants' breach of the third clause of their collective bargaining agreement.[1] Defendant, International Longshoremen's Association, AFL–CIO, asserting clause 4 of the agreement,[2] now moves for an order compelling plaintiff to submit its claim to arbitration and staying any further proceeding in this action pending such arbitration. Motion granted.

■■■ Since Textile Workers Union of America v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957), it is well settled that a District Court may properly order specific performance of an agreement to arbitrate grievance disputes. Arbitration, however, "is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960). The determination of whether a reluctant party has agreed to arbitrate the dispute or controversy in question is guided by the announced policy that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of

---

1. "3. The Union will not make an agreement more favorable to any other warehouse company in the Port of New York, or in such event will simultaneously modify this agreement to conform therewith."

2. "4. Disputes or controversies which may arise hereunder shall be settled without interruption of work. In the event of failure to reach a settlement in any such case by agreement, the matter shall be submitted to a committee of four, two of whom shall be appointed by the Company and two by the Union; such committee to meet promptly after the re-

ceipt of written notices of such appointment by both parties; and the decision of a majority of such committee shall be final and binding. If the four members so selected agree that they cannot reach a decision; they shall within five days select a fifth man, satisfactory to the representatives of both sides, as Chairman. Upon failure of the four members to agree on a fifth man they shall request his appointment by the American Arbitration Association. The decision of a majority of the Committee so augmented shall be final and binding."

coverage." Id. at 582–583, 80 S.Ct. at 1353. With this in mind, we turn to the arbitration clause here in question.

■ Plaintiff contends that clause 4 does not on its face provide for arbitration; that the language "without interruption of work," appearing at the end of the first sentence in clause 4, narrows the scope of arbitrable disputes or controversies to those envisioning possible work stoppage; that since the dispute or controversy here involved "has nothing to do with the employees" (plaintiff's affidavit, p. 3), it could not possibly result in the interruption of work; that the parties agreed to arbitrate only "grievance-type disputes," i. e., those of a union or employee against an employer; and that the fact that it is out of business is of "overriding importance." We disagree with each of these contentions.

While clause 4 does not specifically mention arbitration as the final procedure agreed upon for the settlement of disputes or controversies, it is clear that such was the intention of the parties. Reference in clause 7 to the "arbitration provisions of this agreement" lends support to that construction.

The language "without interruption of work" should not be read to limit clause 4 only to those disputes or controversies which might result in work stoppage. Even were we to adopt such a narrow reading, this alleged dispute or controversy as set forth in the complaint, involving clause 3 of the agreement, might well have resulted in work stoppage, and therefore, under either construction, falls within the purview of the arbitration clause. We have only to envision employees walking off their jobs if and when their employer refuses to continue making payments to their pension fund, or to the medical and clinical services fund, or to provide insurance coverage agreed upon.[3]

Plaintiff vigorously contends that clause 4 only refers to "grievance-type disputes," and it defines "grievance" as "a claim by a union or employee against an employer and never the contrary" (plaintiff's memorandum, p. 5). We disagree. The word "grievance" does not appear in clause 4; rather reference there is to "disputes or controversies."[4] Additionally, the meaning of "grievance," when appearing in the context of a collective bargaining agreement, is best left to construction on a case by case basis. We are convinced that the method of adjustment agreed upon here encompasses disputes or controversies arising from employer claims or complaints.

The fact that plaintiff is no longer in business does not alter our determination to compel arbitration. Cf. Textile Workers v. Lincoln Mills Union of America, 353 U.S. 448, 459, 77 S.Ct. 912, 1 L.Ed. 2d 972 (1957). "[T]he moving party should not be deprived of the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960).

In our view, if plaintiff wishes to pursue the claim embodied in the complaint, it must be submitted to arbitration pursuant to clause 4.

Settle order on notice.

---

3. Plaintiff's complaint alleges that "Defendants have made agreements more favorable to other warehouse companies in the Port of New York, which did not require such companies to make payments for a pension fund or a medical and clinical services fund or to provide the described insurance coverage, and Defendants have not modified the agreement with Plaintiff to conform with these other agreements * * *."

4. Clause 7 of the agreement provides that " * * * grievances resulting from changes in the Company's method of operation shall be subject to adjustment under the arbitration provisions of this agreement."